UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mohan Narain,<br><br>                                  Plaintiff,<br>      -v-<br><br>Vielle Jewelers LLC, and<br>Andre Hahn,<br><br>                            Defendants. | **Civil Action #:**<br><br>**<u>Complaint</u>**<br><br><br>**Jury Trial Demanded** |

Plaintiff Mohan Narain ("Plaintiff" or "Narain"), by Abdul Hassan Law Group, PLLC, his attorneys, complaining of the Defendants Vielle Jewelers LLC, and Andre Hahn (collectively "Defendants"), respectfully alleges as follows:

## <u>NATURE OF THE ACTION</u>

1. Plaintiff alleges that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; (ii) entitled to unpaid minimum wages from Defendants because Defendants did not pay Plaintiff at least the applicable federal minimum wage rate for each and all hours he worked for them in a week; and  (iii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further alleges pursuant to the New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; (ii) entitled to unpaid minimum wages from Defendants because Defendants did not pay Plaintiff at least the applicable New York State minimum wage rate for each and all hours he worked for them in a week; and  (iii)  is entitled to maximum liquidated damages and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab.

Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, under Article 6 of the New York Labor Law including Section 191, 193, and compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 USC § 216(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

7. Plaintiff Mohan Narain ("Plaintiff" or "Narain") is an adult, over eighteen years old, who currently resides in Queens County, New York.

8. Upon information and belief and all times relevant herein, Vielle Jewelers LLC ("Vielle") was a for-profit corporation limited liability company.

9. Upon information and belief and at all times relevant herein, the corporate Defendant Vielle was owned/controlled/managed by Defendant Andre Hahn ("Hahn") who was in charge of the operations and management of corporate Defendant.

10. Upon information and belief and at all times relevant herein, Defendants, individually

and/or jointly, controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record- keeping as to plaintiff's employment, among other employment functions.

11. Upon information and belief, Defendants shared a place of business in New York County, New York, at 48 West 48 Street, New York, NY 10036 where Plaintiff was employed.

12. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

## STATEMENT OF FACTS

13. Upon information and belief, and at all relevant times herein, Defendants were involved in the business of manufacturing and selling Jewelry.

14. Upon information and belief and at all times relevant herein, Defendants employed more than about 15 employees.

15. At all times relevant herein, Plaintiff was employed by Defendants for about 1 month in 2017 then from on or about November 7, 2018 to in order around May 2019.

16. At all times relevant herein, Plaintiff was employed by Defendant as a manual worker – working as a technician and using his physical labor along with tools and machinery to craft metal and stones into a variety of jewelry.

17. At all times relevant herein Plaintiff was paid at a rate of about $25 an hour and Plaintiff was not paid any wages for his overtime hours (hours over 40 in a week) worked during his employment with Defendants.

18. At all times relevant herein, Plaintiff was not paid for each and all hours worked in a week, for each week during his employment with Defendants – because of the demands of the job, Plaintiff did not receive a bona fide meal break even though Defendant deducted 30 minutes each day for a meal break. Plaintiff is owed wages including overtime wages for about 2.5 or

more unpaid overtime hours each week.

19. At all times relevant herein, and for the approximate one month period of Plaintiff's employment with Defendants in 2017, Plaintiff was not paid any wages for such time worked for Defendants and seeks to recover such unpaid non-overtime and overtime wages as well as minimum wages with this lawsuit.

20. At all times relevant herein, Plaintiff worked about 42.5 to 45 hours or more hours each week for Defendants. A more precise statement of the hours and wages will be made when Plaintiff Narain obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC § 211, 29 CFR § 516 and NYLL § 195, 12 NYCRR § 142.2-6 are incorporated herein by reference.

21. At all relevant times herein and for the time Plaintiff was employed by Defendants, Plaintiff worked more than forty (40) hours a week, during his employment with Defendants.

22. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a week.

23. At all times relevant herein, neither Defendant provided Plaintiff with the notice(s) required by NYLL § 195(1).

24. At all times relevant herein, neither Defendant provided Plaintiff with the statement(s) required by NYLL § 195(3) – the statements provided to Plaintiff did not contain the hours worked by Plaintiff, nor all wages earned, among other deficiencies.

25. Upon information and belief, and at all times relevant herein, Defendants had revenues and/or transacted business in an amount exceeding $500,000 annually.

26. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

27. At all times applicable herein and upon information and belief, Defendants conducted business in interstate commerce involving the purchase of gold, silver, and other essential materials and supplies for their Jewelry business.

28. Upon information and belief, and at all times relevant herein, Defendants as a regular part of their business, make payment of taxes and other monies to agencies and entities outside the State of New York.

29. Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York, and in the stream of interstate commerce.

30. At all times applicable herein and upon information and belief, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

31. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

32. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

33. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

34. "Plaintiff" as used in this complaint refers to the named Plaintiff.

35. The "present" or the "present time" as used in this complaint refers to the date this complaint

was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
### FLSA - 29 U.S.C 201 et Seq. (Unpaid Overtime and Minimum Wage)

36. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 35 above as if set forth fully and at length herein.

37. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 USC 201 et Seq.

38. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207, 206

39. At all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

40. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

41. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff the applicable federal (FLSA) minimum wage rate for each and all hours he worked for them such as their failure to pay Plaintiff any wages for the approximately four weeks he worked for them in 2017 at about 42.5 to 45 hours a week, in violation of 29 U.S.C. § 206.

## Relief Demanded

42. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants individually and/or jointly, his unpaid overtime and minimum wages, maximum liquidated

damages, including maximum liquidated damages for overtime wages paid later than weekly, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq.  and 12 NYCRR 142-2 (Unpaid Overtime and Minimum. wage)

43. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 41 above as if set forth fully and at length herein.

44. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

45. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate, for each hour worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

46. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff the applicable New York State minimum wage rate for each and all hours he worked for them such as their failure to pay Plaintiff any wages for the approximately four weeks he worked for them in 2017 at about 42.5 to 45 hours a week, in violation of 12 NYCRR  § 142-2.1.

## Relief Demanded

47. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime and minimum wages, prejudgment interest, maximum liquidated damages, including maximum liquidated damages for all overtime wages paid later than weekly, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

## AS AND FOR A THIRD CAUSE OF ACTION
## NYLL § 190, 191, 193, 195 and 198

48. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 47 above with the same force and effect as if fully set forth at length herein.

49. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

50. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, as a manual worker, laborer or workingman, within the meaning of the New York Labor Law § 190 et seq. including § 191.

51. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all the unpaid non-overtime, overtime and minimum wages, Plaintiff was entitled to within the time required by NYLL §§ 191, 193 and 198.

52. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorney's fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

53. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorney's fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

## Relief Demanded

54. Due to Defendants' New York Labor Law Article 6 violations including violation of

sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his entire unpaid wages, including his unpaid non-overtime, overtime and minimum wages, maximum liquidated damages, including maximum liquidated damages for all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

55. Declare Defendants, individually and/or jointly, to be in violation of the Plaintiff's rights under the FLSA and NYLL including Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

56. As to the **First Cause of Action**, award Plaintiff his unpaid overtime and minimum wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

57. As to his **Second Cause of Action**, award Plaintiff his unpaid overtime and minimum wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2,  142-2.1, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

58. As to his **Third Cause of Action**, award Plaintiff all outstanding wages, including non-overtime, overtime and minimum wages, plus maximum liquidated damages, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendants to comply with NYLL 195(1) and NYLL 195(3).

59. Award Plaintiff prejudgement interest on all monies due;

60. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not

been requested in the WHEREFORE clause, in addition to the relief requested in the

wherefore clause;

61. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
        **October 31, 2019**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_____ ____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF