# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427
~~~~~

**Abdul K. Hassan, Esq.**                                                Tel: 718-740-1000
Email: abdul@abdulhassan.com                                             Fax: 718-740-2000
*Employment and Labor Lawyer*                                    Web: www.abdulhassan.com

**May 28, 2020**

**Via ECF**

Hon. Stewart D. Aaron, USMJ
United States District Court, SDNY
500 Pearl Street, Courtroom 11C
New York, NY 10007
Tel: 212-805-4620

<u>Re: Narain v. Vielle Jewelers LLC et al</u>
Case No. 19-CV-10133 (SDA)
Motion for Settlement Approval

Dear Judge Aaron:

My firm represents plaintiff Mohan Narain ("Plaintiff" or "Narain") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Exhibit 1 is a fully executed copy of the settlement agreement. Both sides join in urging the Court to approve this settlement as fair and reasonable – Plaintiff writes in support of the motion.

Plaintiff's claims in this action are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims to recover unpaid overtime wages under the FLSA and NYLL. Plaintiff also seeks to recover penalties for violation of the wage statement and wage notice violations of the NYLL.

In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and claims were further refined after extensive discussions, exchange of information and input from Mediator Salman Ravala from this court's mediation program who was extremely helpful in bringing this matter to a final settlement and resolution.

1

Based on the allegations in the complaint and the information available at this time, Plaintiff is owed unpaid wages for 4 weeks in 2017 of approximately $1,140/wk. x 4wks = $4,560. Plaintiff is also owed unpaid overtime wages of approximately $37.5/hr. x 3.75hrs/wk. x 28wks = $3,937.50. (See ECF No. 1) - Plaintiff brough claims for unpaid lunch time but based on exchange of information it appears that Plaintiff was given a lunch break – the damages would therefore be about $1,312.50 in unpaid overtime for this period.

It appears that it is Defendant's position that Plaintiff is not entitled to overtime wages and was an independent contractor. Defendants may be able to avoid the imposition of liquidated damages if they prove a good-faith affirmative defense. Defendants disputes the period of employment and work hours alleged by Plaintiff. In general Defendants deny Plaintiff's allegation that he is owed wages.

Assuming Plaintiff prevails on his wage notice and wage statement violations he could be entitled to another $10,000 maximum ($5,000 each) – the jurisprudence concerning these claims is unsettled and they are not covered by the FLSA.

Under the settlement Plaintiff will is due to receive $14,275 after a 1/3 contingency fee and costs. (Ex. 1, ¶ 2(a-b)).

Under the settlement, Plaintiff's counsel is receiving a 1/3 contingency fee of $7,137 after reimbursement of $588 in costs consistent with the retainer agreement between Plaintiff and his counsel[1]. *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). See also *Fisher v. SD Prot. Inc.,* 18-2504-CV --- F.3d ----  2020 WL 550470 (2d Cir. Feb. 4, 2020)(relying on "the text and purpose of the FLSA, as well as longstanding case law interpreting other similar fee-shifting statutes in the civil rights context," in applying the FLSA under Cheeks. – such longstanding

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel." While time is still accruing, the hourly retainer fees exceed the 1/3 contingency fee Plaintiff's counsel is due to receive in this case.

See *Almond v. PJ Far Rockaway, Inc.*, 2018 WL 922184, at 1 (E.D.N.Y. Feb. 15, 2018) (awarding Mr. Hassan a 450/hr rate in the context of a fee-shifting fee application and noting that "Hassan has been practicing law since 2001 (17 years) and has litigated over 400 employment and wage cases in federal court. He has argued a number of significant employment cases before the Second Circuit.").

case law includes the application of *Venegas* which holds that fees that a plaintiff owed his counsel is govern by the retainer agreement and not by statutory fee-shifting provisions).

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Castro v. Arbeni Management Company Inc.*, Case No. 17-CV-04615, ECF No. 21, (Judge Nathan – May 10, 2018)(1/3 fee under *Cheeks* of about $16,512); *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14, 826 under *Cheeks*)("the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney."); *Tanooli v. Distinctive Maintenance Company Inc.*, Case No. 18-CV-04689, ECF No. 23 (Judge Caproni – October 19, 2018)(Approving a 1/3 contingency fee of $13,179 under Cheeks); *Hixholli v. Aqua 3065 GC LLC et al*, Case Number 19-CV-05654 (Judge Netburn - SDNY, November 25, 2019)(Approving a 1/3 contingency fee of about $15,000 under *Cheeks*); *Knights v. Novitex Enterprise Solutions, Inc. et al*, 17-CV-9359, ECF No. 43, (Magistrate-Judge Netburn - August 30, 2018)(Approving a 1/3 contingency fee of about $15,000 under *Cheeks*); *Gutierrez v. Highridge Bagels, Inc. et al*, Case No.17-cv-01451, ECF No. 21 (Judge Briccetti - approving 1/3 fees of $10,461 under *Cheeks*); *Mendoza-Cerezo v. Highridge Bagels, Inc. et al*, Case Number, 17-cv-00668, ECF No. 23 (Judge Briccetti - approving 1/3 fees of $5,795 under *Cheeks*); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (approving 1/3 fees of $23,080 under *Cheeks*); *De Fabio v. QualityPro Pest & Wildlife Services Inc. et al*, 15-cv-09483, ECF No. 38, (Judge Karas-SDNY)(1/3 fee of $10,648); *Velez v. Lusardi Ltd. et al*, 16-CV-5675, ECF Nos. 41-43, (Magistrate-Judge Smith – SDNY)(1/3 fee of $11,000); *Kolenovic v. FSM Management, Inc. et al,* Case No.18-cv-00657(Judge Oetken – June 28, 2018)(approving a 1/3 fee of $20,000 under *Cheeks*); *Bumagin v. The Mount Sinai Medical Center, Inc.* et al, Case No.16-cv-08783, ECF No. 40, (SDNY – Judge Gorenstein)(1/3 fee of $14,000 under *Cheeks*); *Rivera v. Golden Krust Caribbean Bakery Inc.*, Case No. 16-cv-09219 (Magistrate-Judge Pitman) (1/3 fee of $16,666 under *Cheeks*).

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendants dispute liability and if a jury believes Defendant, Plaintiff will receive a lot less or nothing. Second, the settlement amount is not trivial in relation to the claims, especially in light of the legal and factual issues – the settlement amount to plaintiff can be reasonably be viewed as exceeding the unpaid wages claimed. Third, Defendants dispute the hours worked claimed by Plaintiff. Fourth, there appears to be a desire by all parties to resolve the case early and avoid the significant financial and non-financial costs/harms of litigation.

Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable under the FLSA and *Cheeks*.

We thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

_/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:**     **Defense Counsel via ECF**